UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CRAIG WRIGHT, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:11-CV-88 RM<br>(Arising out of 3:07-CR-67(01)RM) |

OPINION and ORDER

Craig Wright pleaded guilty to distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1)(one of seven counts charged in the indictment), and the court sentenced him to 100 months' imprisonment, to run consecutive to his state sentences. Mr. Wright is now before the court requesting that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Wright's petition was filed more than three years after sentence was imposed on February 12, 2008, and almost two years after he was transferred to

federal custody to begin serving his sentence, and is barred by 28 U.S.C. 2255(f) and the waiver in Mr. Wright's plea agreement.

Mr. Wright's plea agreement reveals that he was told of and understood the maximum sentences for the offense to which he was pleading guilty, and that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. Wright, his attorney Robert Truitt, and Assistant United States Attorney Jesse Barrett and contained the following language in paragraph 9:

> (c) I understand that the maximum penalties for a violation of Title 21, United States Code, Section 841(a)(1) as charged in the Indictment are: 40 years imprisonment, a $2,000,000 fine, or a combination of both imprisonment and a fine, a five-year period of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100. I also understand that there is a mandatory minimum term of imprisonment of five years.
>
> (d) I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code,

Section 3742, or in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Wright now challenges his sentence, contending that trial counsel provided ineffective assistance at sentencing because he didn't argue for a concurrent sentence, didn't seek a two-level reduction under "USSG Amendment 706," didn't challenge the enhancement under U.S.S.G. § 4A1.2(d), and didn't inform him that these issues were appealable.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Wright said at his change of plea hearing that his plea was knowing and voluntary, that he had read and understood the terms of the plea agreement, that he told his counsel everything counsel needed to know to represent him in this case, that he had discussed the plea agreement with his counsel before the plea hearing, that he understood he was giving up his right to appeal or otherwise

3

challenge his sentence, and that he was satisfied with the representation his counsel had provided. At the plea hearing, Mr. Wright told the court that he understood what the maximum penalties were for the offense to which he was pleading guilty, that the court had the authority to impose any sentence within the statutory maximum set for his offense, and that no one had made any promises or predictions other than those contained in the plea agreement and the predictive review of the sentencing guidelines as to what his sentence would be.

Mr. Wright's sworn statements at his change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Mr. Wright's right to appeal and to file a § 2255 petition, the court explained the waiver to him during the plea colloquy, and Mr. Wright acknowledged that he understood. Because Mr. Wright's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Mr. Wright hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), but contends only that his counsel was ineffective because he didn't argue for a

4

reduced and concurrent sentence. While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Wright received a 100-month sentence. The sentence was within the statutory maximums and well below the low-end sentence (121 months) recommended by the 2007 Sentencing Guidelines (which included the amendment to U.S.S.G. § 1B1.1) and the government.

To the extent Mr. Wright contends he was provided ineffective assistance because his attorney didn't argue for a lower sentence or a concurrent sentence, his claim is unsupported by the record, doesn't relate to the negotiation of the waiver of his right to appeal, and is foreclosed by the plea agreement, in which Mr. Wright expressly agreed that "the Court ha[d] jurisdiction and authority to impose any sentence within the statutory maximum set for [his] offense(s) as set forth in th[e] plea agreement," and waived his right to appeal or challenge his sentence and the manner in which it was determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Mr. Wright isn't entitled to the relief he seeks, so the court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 28].

SO ORDERED.

ENTERED:  March 3, 2011 

/s/ Robert L. Miller, Jr.

                                                          Judge  
                                                          United States District Court

cc:    C. Wright  
       AUSA Barrett